Roger G. Schwartz
Direct Dial: 212-906-1766
Roger.Schwartz@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

File No. 047606-0000

# LATHAM&WATKINS LLP

June 3, 2010

***VIA CM/ECF***

The Honorable Kevin J. Carey
United States Bankruptcy Court
 for the District of Delaware
824 Market Street, 5th Floor
Wilmington, Delaware 19801

Re:  *In re Advanta Corp., et al.*, Case No. 09-13931 (KJC); Adv. Pro. No. 10-50795 (KJC)

Dear Chief Judge Carey:

 We represent the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-referenced cases. Pursuant to Your Honor's request, we submit the Committee's responses to the questions raised by the Court at the May 26, 2010 status conference.

**A.  Issues for Determination/Need for Discovery**

 As the Committee articulated at the status conference, it is of the view that the issues pending before the Court are among the most significant in these chapter 11 cases. The relief sought by the Federal Deposit Insurance Corporation, in its capacity as receiver for Advanta Bank Corporation (the "Receiver"), will, if granted, directly and significantly impair recoveries to all creditors of the Debtors' estates, including thousands of retail note holders. Although the Committee supports an expedited schedule (as has been proposed by the Debtors), it is of the firm opinion that the piecemeal litigation process suggested by the Receiver would be prejudicial to creditors as a whole and would deny the Debtors the right to conduct the limited discovery they have outlined and to demonstrate the appropriateness of the tax elections at issue. The Committee also supports the concomitant adjudication of the tax-related claims in the Receiver's proofs of claim given that the substance of such claims directly overlaps with the matters at issue in the pending motions, and adjudication of such claims in connection with the pending motions would prevent duplicative litigation at the expense of the creditors of the Debtors' estates.

 To that end, the Committee submits that the following issues must be resolved with respect to Debtor Advanta Corporation's ("Advanta") (i) election to waive the carry back of the affiliated tax group's 2009 net operating losses ("NOLs"), and (ii) filing of an amended consolidated tax return that elected a five-year carryback of the affiliated group's 2008 NOLs (together, the "Tax Filings"), and that the parties be afforded sufficient time to conduct the

discovery proposed by the Debtors in order to fully and fairly adjudicate the issues identified below:

1. Whether the Tax Filings were made in the ordinary course of business.

2. Whether the Tax Filings were a proper exercise of Advanta's sound business judgment, including whether the Tax Filings:

    a. were made after careful consultation with the Debtors' management and professional advisors;

    b. served to mitigate claims against the Debtors' estates and preserved meaningful value for all creditors of the Debtors' estates; and

    c. were made with the honest belief that the actions were in the best interests of the Debtors and the creditors of the Debtors' estates.

3. Whether granting the Receiver relief from the automatic stay would cause significant hardship to the Debtors' estates and creditors and/or whether the balance of the hardships tips sharply in the Debtors' favor, including a consideration of:

    a. whether the Receiver presently has any claims against the estates arising out of the Fourth Amended and Restated Tax Sharing Agreement (the "TSA") and/or the Debtors' Tax Filings;

    b. whether Advanta had any obligation under the TSA to consult with each member of the affiliated tax group before filing its consolidated return;

    c. whether Advanta had any fiduciary duties to the other members of the affiliated tax group pursuant to the TSA;

    d. whether Advanta breached the TSA when it made tax elections that it had sole authority to make, and was required to make, as parent of the affiliated group, under controlling Treasury regulations; and

    e. whether Advanta avoided a potential $170 million claim under the TSA—taking into account generally accepted accounting principles—by making the Tax Filings at issue.[1]

4. Whether the relief requested by the Receiver is time barred under controlling Treasury regulations and/or as a result of Advanta Bank Corporation's or the

---

[1] If this Court rules that the Receiver's tax-related claims are valid, the Committee may support granting relief from the stay to recover a greater tax refund for the benefit of the estates. The Committee reserves all rights with respect to Receiver's claims and any tax refunds related to the Debtors or ABC, including without limitation the ownership of any tax refunds and potential claims of the estates against the Receiver.

Receiver's unreasonable delay under the circumstances.

B. **The September 15, 2010 Deadline Advanced By the FDIC-R**

During the May 26, 2010 status conference, the Receiver suggested there was a potential deadline of September 15, 2010, which could cut off its right to file a claim with the Internal Revenue Service as fiduciary for ABC. Although the Receiver has not referenced a particular section of the Internal Revenue Code or Treasury regulations that imposes such a deadline, it appears that the Receiver may be alluding to Treasury regulation sections 301.9100-1 and -2, which provide an automatic six-month extension where a taxpayer timely files a return but <u>fails to make</u> certain regulatory or statutory elections. *See* Treas. Reg. § 301.9100-1, -2. This deadline is not applicable because the Receiver did not file a timely return that would trigger the automatic six-month extension. The extension also does not apply to Advanta, which timely filed and <u>made</u> an irrevocable election to waive the carryback for the 2009 taxable year. *See* I.R.C. § 172(b)(3).

C. **Proposed Pretrial Schedule**

The Committee agrees with the proposed pretrial schedules advanced by the Debtors.

D. **Committee Intervention**

The Committee has sought the consent of the Debtors and the Receiver with respect to the Committee's intervention in the pending adversary proceeding. The Debtors have consented to the Committee's intervention; the Receiver has not yet advised the Committee of its position. If the Receiver does not consent to the Committee's intervention by or at the June 8, 2010 hearing, the Committee will file a motion to intervene in the adversary proceeding shortly thereafter.[2]

E. **Mediation**

The Committee agrees with the Court's view that mediation may be a useful tool given the issues in dispute, and is prepared to fully engage in and participate in any mediation process.

Respectfully submitted,

*s/ Roger G. Schwartz*

Roger G. Schwartz
of LATHAM & WATKINS LLP

---

[2] In *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir. 1982), cert. denied, 459 U.S. 1206 (1983), the leading case in this Circuit, the Court of Appeals for the Third Circuit recognized the absolute right of an official creditors' committee to intervene in an adversary proceeding under Section 1109(b).