# **EXHIBIT G**



# TAX SHARING AGREEMENT

This Fourth Amended and Restated Tax Sharing Agreement, made this 1st day of May, 1995 by and between Advanta Corp., a Delaware corporation, and its wholly owned (except for director qualifying shares, when appropriate) direct and indirect subsidiaries, which are defined in Section 14 as parties hereto ("Subsidiaries"), shall be as follows:

WHEREAS, Advanta Corp. (formerly TSO Financial Corp.) entered into a First Amended and Restated Tax Sharing Agreement on October 1, 1986, a Second Amended and Restated Tax Share Agreement on August 20, 1988 and a Third Amended and Restated Tax Sharing Agreement on October 11, 1989 with its then existing subsidiaries, and the parties thereto now desire to amend and restate the First Amended and Restated Tax Sharing Agreement, the Second Amended and Restated Tax Sharing Agreement and the Third Amended and Restated Tax Sharing Agreement; and

WHEREAS, Advanta Corp. and its subsidiaries are, for purposes of the Internal Revenue Code of 1954, as amended, members of an affiliated group ("Affiliated Group") of which Advanta Corp. is the parent company, and of which all other Advanta Corp. subsidiaries are the member companies ("Member"); and

WHEREAS, it has been determined that for the current year the Affiliated Group should file a consolidated income tax return, and similar determinations may be made with respect to future years; and

WHEREAS, it is the intention of the parties that if such consolidated returns are filed, each Member company should contribute its fair and equitable share to the taxes payable by the Affiliated Group or compensation for the reduction in the net operating loss deduction, capital loss deduction, or other tax benefit of the Affiliated Group resulting from the inclusion of the Member companies in the Affiliated Group, but that in any event, the filing of such consolidated returns shall be beneficial rather than disadvantageous to each Member company and that each Member company should not

disadvantageous to each Member company and that each Member company should not with respect to any year, or part thereof, for which it is a Member of the Affiliated Group be required to pay more in lieu of taxes or receive a payment in lieu of a refund less than it would have paid or received if the Member company had at all times computed and paid its tax liability on a separate return basis. It is intended that this will comply with the pro rata method as described in SFAS 109 and its interpretation and all consideration of regulatory accounting principles.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto, intending to be legally bound hereby, agree as follows:

1. Computation of Separate Tax.

In any year or part thereof in which it is planned that the Affiliated Group and any other affiliated subsidiaries of Advanta Corp. which may hereinafter become parties to this Agreement should file a consolidated income tax return (either for federal or state taxes), on or before the date provided by law for payment of any federal or state tax or estimated federal or state tax by a Member, or as soon thereafter as the necessary computations have been completed (hereinafter called the "Adjustment Date") a computation shall be made of the accrued taxes or refund of tax properly reflected in the income statement, on a separate company basis, that should be reflected under generally accepted accounting principals. The amount so computed is hereinafter referred to as the "Separate Member Tax" or the "Separate Member Refund," as the case may be.

2. Payments by Member Companies to Advanta Corp.

(a) If on any Adjustment Date there is a Separate Member Tax and the tax payment then due from the Affiliated Group is in excess of the amount of the Separate Member Tax, then the Member shall pay to Advanta Corp. an amount equal to the Separate

-2-

Member Tax. No member shall pay to Advanta Corp. an amount in excess of the amount which would have been payable on a separate company basis.

(b) If on any Adjustment Date there is a Separate Member Tax which exceeds the payment then due from the Affiliated Group, the Member shall pay to Advanta Corp. an Adjustment Payment equal to such Affiliated Group payment then due together with 100% of the excess of the Separate Member Tax over the Affiliated Group payment then due, or if no such payment is then due 100% of the Separate Member Tax.

(c) Any tax which is due as a result of an alternative minimum tax calculation shall be paid by the Advanta Corp. to the extent that such tax exceeds the regular tax.

(d) The quarterly estimated income tax payments and the annual tax liability shall be remitted to Advanta Corp. on the due dates prescribed by the Internal Revenue Code of 1954, as amended.

3. Payments by Advanta Corp. to Members.

(a) If on any Adjustment Date there is a Separate Member Refund, and for the period for which such computation is made the Affiliated Group also files a refund claim in an amount equal to or greater than the Separate Member Refund, then promptly after the receipt of the refund payment from the taxing authority there shall be paid to the Member an Adjustment Payment equal to the Separate Member Refund, together with the allocable share of any interest received with respect thereto.

(b) If on any Adjustment Date there is a Separate Member Refund and the Affiliated Group also is entitled to a refund, but such refund is less than the Separate Member Refund, Advanta Corp. shall pay to such Member payment in an amount equal to the Separate Member Refund, together with an allocable share of any interest promptly upon receipt of the refund payment from the taxing authority.

-3-

CONFIDENTIAL

ADVANTA_0005897

(c) If on any Adjustment Date there is a Separate Member Refund but no Affiliated Group refund, Advanta Corp. shall pay to the Member the amount equal to the Separate Member Refund.

4. Separate Member Loss.

If on any Adjustment Date the separate return computation for a Member would show a loss but not a Separate Member Refund, Advanta Corp. shall pay to the Member an amount equal to the amount of the loss which results in a tax benefit, determined in a manner consistent with the allocation of tax due to taxable Members, from those losses on the consolidated return.

5. Aggregation of Indirect Subsidiaries.

For purposes of determining payments to be made under Section 2, 3 and 4, the separate company calculations described in Section 1 shall be aggregated so that each direct subsidiary of Advanta Corp., which itself has one or more subsidiaries, shall be affiliated with its direct and indirect subsidiaries as if each such direct subsidiary of Advanta Corp. filed a consolidated return.

6. Deferred Taxes.

No member shall pay to Advanta Corp. any portion of its deferred federal income tax liability.

7. Audit Results.

If, as a result of audit or otherwise, it is determined that there was an error in the computation of any Adjustment Payment, an appropriate repayment or additional

-4-

payment shall promptly be made, together with interest thereon at the prime rate on the date of such repayment or additional payment, regardless of whether at that date Advanta Corp. and the Members are still joining in consolidated returns filed by the Affiliated Group.

8. Effective Date.

Promptly upon execution hereof, a computation shall be made of the amounts, if any, owing by Advanta Corp. to the Members or the Members to Advanta Corp., as if this Agreement had been in effect since January 1, 1995.

9. Termination.

This Agreement shall terminate if:

(a) the parties agree in writing to such termination.

(b) the Member's membership in the Affiliated Group ceases or is terminated for any reason whatsoever.

(c) the Affiliated Group fails to file a consolidated return for any taxable year.

Notwithstanding the termination of this Agreement, its provisions will remain in effect with respect to any period of time during the tax year in which termination occurs for which the income of the terminating party must be included in the consolidated return.

10. Assignment.

The respective rights and obligations of each of the parties to this Agreement may not be assigned by any party without the prior written consent of the other parties hereto.

CONFIDENTIAL

ADVANTA_0005899

11. Arbitration.

Any disputes arising out of the interpretation or implementation of the terms and conditions of this Agreement shall be submitted to binding arbitration.

12. Access.

All materials, including but not limited to tax returns, supporting schedules, workpapers, corrrespondence and other documents relating to consolidated income tax returns filed by the Affiliated Group shall be made available to any party of this Agreement during regular business hours. This Paragraph 11 shall survive the termination of this Agreement.

13. Nonviolation of Applicable Laws.

No Member shall pay an amount in excess of any limitation contained within this Tax Sharing Agreement or which would otherwise cause such payment to be in violation of any applicable statute, regulation or administrative ruling.

14. Parties.

Any corporation which is currently or which may in the future become an affiliated subsidiary of Advanta Corp. shall become a party to this Agreement when it becomes a member of the Affiliated Group.

This Agreement shall be effective on the date set forth above, upon execution of same.

<s>CONFIDENTIAL                                                                                       ADVANTA_0005900</s>

Advanta Corp.

By: /s/ Richard A Greenawalt
Richard A Greenawalt, President

Attest: /s/ Gene S. Schneyer
Gene S. Schneyer, Secretary

Date: 6/16/95


Advanta Advertising, Inc.
Advanta Service Corp.
Advanta Name Corp.
Colonial National Automotive Financial Corp.
Colonial National Corp.
Colonial National Bank USA
Colonial Mortgage Management Corp.

By: /s/ Richard A. Greenawalt
Richard A. Greenawalt, President

Attest: /s/ Gene S. Schneyer
Gene S. Schneyer, Secretary

Date: 6/15/95


Advanta National Bank

By: /s/ Jeffrey D. Beck
Jeffrey D. Beck, Senior Vice President and Treasurer

Attest: /s/ Susan L. Ashley
Susan L. Ashley, Cashier

Date: 6/02/95

-7-

CONFIDENTIAL

ADVANTA_0005901

Advanta GP Corp.
Advanta 101 GP Corp.
Advanta Investment Corp.

By: _____
Richard A. Greenawalt, President

Attest: _____
Linda C. Morris, Secretary

Date: 6/19/95


Advanta Life Insurance Company
Advanta Insurance Company
TSO National Life Insurance Company
Direct National Life Insurance Company
AICM, Inc.

By: _____
Charles H. Podowski, President

Attest: _____
Barbara DeGregorio, Secretary

Date: 5/11/95


Advanta Financial Corp.

By: _____
John Larry Richards, President

Attest: _____
Debbie Thomas, Secretary

Date: 5-25-95

-8-

CONFIDENTIAL

ADVANTA_0005902

Advanta Leasing Holding Corp.
Advanta Business Servcies Corp.
Advanta Leasing Receivables Corp.
Advanta Leasing Receivables Corp. II
Mt. Vernon Leasing, Inc.

By: _____
    Albert E. Lindenberg, President

Attest: _____
    Michael J. Witt, Secretary

Date: 6/6/95


Advanta Residual Holding Corp.

By: _____
    Milton Riseman, President

Attest: _____
    Gene S. Schneyer, Assistant Secretary

Date: 6/16/95


Advanta Mortgage Holding Company
Advanta Mortgage Corp. USA
Advanta Mortgage Corp. Midatlantic
Advanta Mortgage Corp. Midatlantic II
Advanta Mortgage Corp. Midwest
Advanta Mortgage Corp. of New Jersey
Advanta Mortgage Corp. Northeast
Advanta Nominee Services, Inc.
Advanta Financial Investments, Inc.
Advanta Mortgage Conduit Services, Inc.

By: _____
    Milton Riseman, President

Attest: _____
    Gene S. Schneyer, Assistant Secretary

Date: 6/16/95

-9-

CONFIDENTIAL

ADVANTA_0005903

Advanta Mortgage Receivables Inc.

By: _____
Milton Riseman, President

Attest: _____
Susan Giusti, Secretary

Date: 6/15/95

Advanta Finance Corp.

By: _____
George Anderson, President

Attest: _____
Annette Aguirre, Secretary

Date: 5/3/95

ADVANTENNIS Corp.

By: _____
Peter Fishbach, Vice President

Attest: _____
Gene S. Schneyer, Secretary

Date: 6/16/95

M:\AGREE\TAXSHARE.DOC

CONFIDENTIAL

ADVANTA_0005904

# AGREEMENT

The undersigned subsidiaries of Advanta Corp. hereby agree to be bound by all of the terms and conditions of that certain Tax Sharing Agreement dated May 1, 1995 between Advanta Corp., a Delaware corporation, and its then existing wholly-owned subsidiaries (the "Tax Sharing Agreement") as if the undersigned subsidiaries had been original signatories thereof and each a "Member" as designated therein.

A copy of the Tax Sharing Agreement is attached hereto and incorporated herein by reference in its entirety.

This Agreement is effective as to the undersigned as of June 1, 1995.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of its effective date.

Advanta Capital L.L.C.
By: Advanta Corp., Managing Member

By: _____
Gene S. Schneyer, Vice President and Secretary

Attest: _____
Carol J. Deagler, Assistant Secretary


Advanta International Corporation I

By: _____
David D. Wesselink, Chief Financial Officer

Attest: _____
Gene S. Schneyer, Secretary


Advanta International Corporation II

By: _____
David D. Wesselink, Chief Financial Officer

Attest: _____
Gene S. Schneyer, Secretary

CONFIDENTIAL

ADVANTA_0005905

Advanta Investment Corp. II

By: _____
Gene S. Schneyer, Vice President and Secretary

Attest: _____
Carol J. Deagler, Assistant Secretary

Advanta Corp.

By: _____
Gene S. Schneyer, Vice President and Secretary

Attest: _____
Carol J. Deagler, Assistant Secretary

-2-

Amendment

As between Advanta Corp. and Advanta Insurance Company, Advanta Life Insurance Company, Direct National Life Insurance Company and TSO National Life Insurance Company, the Fourth Amended and Restated Tax Sharing Agreement dated May 1, 1995, shall be amended as follows:

To add a new provision at the end of Paragraph 2(d) stating:

; provided however that Advanta Insurance Company, Advanta Life Insurance Company, Direct National Life Insurance Company and TSO National Life Insurance Company shall be required to make their respective estimated income tax payments no later than 60 days after each Advanta Corp. estimated income tax payment is due.

This Amendment has been agreed to by the parties set forth below, effective as of September 1, 1995, on the dates so indicated.

Advanta Corp.

By: /s/ Richard A. Greenawalt
Richard A. Greenawalt, President

Attest: /s/ Gene S. Schneyer
Gene S. Schneyer, Secretary

Date: 12/11/95

Advanta Insurance Company
Advanta Life Insurance Company
Direct National Life Insurance Company
TSO National Life Insurance Company

By: /s/ Charles Podowski
Charles Podowski, President

Attest: /s/ Ronald Souders
Ronald Souders, Secretary

Date: 12/11/95

a:agreement\amndfour.doc

**Amendment**

As between Advanta Corp. and Advanta Financial Corp., the Fourth Amended and Restated Tax Sharing Agreement dated May 1, 1995, shall be amended as follows:

Paragraph four (4) shall state:

If on any Adjustment Date the separate return computation for a Member would show a loss but not a Separate Member Refund, Advanta Corp. shall pay in a reasonable time after the Adjustment Date to the Member an amount equal to the amount of the loss which results in a tax benefit, determined in a manner consistent with the allocation of tax due to taxable Members, from those losses on the consolidated return.

The Amendment has been agreed to by the parties set forth below, effective as of May 1, 1995, on the dates so indicated.

Advanta Corp.

By: _/s/ Richard A. Greenawalt_
Richard A. Greenawalt, President

Attest: _/s/ Gene S. Schneyer_
Gene S. Schneyer, Secretary

Date: 1/5/96

Advanta Financial Corp.

By: _/s/ John L. Richards_
John L. Richards, President

Attest: _/s/ Debbie Thomas_

Date: 1-5-96

a:\resolutions\taxshram.doc

CONFIDENTIAL

ADVANTA_0005908